IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK FLORENCE,        ) | |
| )                                             | |
| Plaintiff,        ) | |
| )                                             | |
| vs.                                 ) | CIVIL ACTION: 24-00178-KD-N |
| )                                             | |
| D. WASHINGTON,        ) | |
| )                                             | |
| Defendant.        ) | |

**REPORT & RECOMMENDATION**

Plaintiff Derrick Florence ("Plaintiff" or "Florence") filed this action under 42 U.S.C. § 1983, without the assistance of an attorney. This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Because Florence was granted leave to proceed in this action without prepayment of fees, his complaint is subject to review under §1915, and is due to be dismissed "at any time if the court determines that . . . the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the amended complaint (Doc. 6), the undersigned finds that any false arrest claim related to the 2019 arrest for which Florence was convicted **DISMISSED with prejudice**, and all other claims **DISMISSED without prejudice**.

I.  **STANDARD OF REVIEW.**

Pursuant to § 1915, the court is to review the plaintiff's complaint to identify cognizable claims and to dismiss the complaint, or any portion of the complaint, "if the complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." § 1915A(b)(1), (2); *see also* § 1915(e)(2)(B)(i-iii). Dismissal for these reasons is mandatory rather than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint ...."); § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the claims are frivolous or fail to state a claim.).

A claim is frivolous "when it appears the plaintiff has 'little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," when its "factual contentions are clearly baseless," or when the defendant is immune from suit. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint may be dismissed for failure to state a claim upon which relief may be granted when it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (internal quotation marks omitted). This means a complaint must have sufficient factual allegations that "raise a right to relief above a speculative level" and the allegations must "show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

In reviewing the complaint, the Court "accepts the complaint's factual allegations as true[.]" *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021). The Court also liberally construes the plaintiff's complaint allegations, holding them to a more lenient standard than those of an attorney. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998).

**II.    DISCUSSION.**

Plaintiff Florence is suing Officer D. Washington of the Saraland Police Department in

Saraland, Alabama. It appears from the amended complaint that Plaintiff suggests Officer Washington somehow "framed" him for a crime he did not commit, as Plaintiff claims:

> False statements, harassment, obstruction of justice, fail to obstruct justice, emotional distress, discomfort, entrapment, stagging, plotting, due to the fact I didn't have a weapon on me that the charged me with. I was found not guilty not only that due to them being in a Freemason organization and they uphold a compound that house confidential informants. Which it is located in a wooded area off a dirt road at the address of #6700 Mausap Rd. Eight Mile, AL #36613 known address of a confidential informant which the grid name is Talbus Hill or Tallous Hill know as same secret society where they uphold ungodly activity behind Behold Pale Horse which that's the same address were Damine Washam killed his mom with a sword due to the concept and promotion of sacrifice behind Behold Pale Horse Facts!!!

(Doc. 6 at 4) (alterations to spelling and capitalization). He specifically alleges that on December 1, 2019, Officer D. Washington arrested him at 2955 Township Blvd., Saraland, AL and is liable for "obstruction of justice, fail to obstruct justice, emotional distress, discomfort, criminating [his] name, stagging, plotting and entrapment for false crime due to promotion in Freemason and job title." (*Id*. at 5). Plaintiff states that he has recently been released from prison, apparently from the 2019 charge and arrest. Plaintiff seeks for "justice to be served and civil law suit." (*Id*. at 7).

Review of Plaintiff's complaint reveals allegations that are unclear, nonsensical, and wholly lacking in any arguable law or fact. The best the Court can discern, Plaintiff asserts that Defendant is liable for false arrest on December 1, 2019 and/or malicious prosecution. Plaintiff, however, provides no information regarding the criminal charges brought against him, including a lack of probable cause for the arrest or any discernable facts regarding the arrest. Nor does he provide facts related to the legal process or proceedings under which he was convicted. As such, Plaintiff's claim is vague, conclusory, and lack the details necessary for the Court to determine if a claim has been stated against the defendant. In other words,

3

there are not enough facts about what the defendant did or how Plaintiff was harmed for the Court to determine if there has been a constitutional violation. Indeed, the complaint allegations are insufficient for the defendant to be able to answer the complaint. As pleaded, Plaintiff's complaint is simply indiscernible, or frivolous, and should be dismissed. *Neitzke,* 490 U.S. at 325 (An action is frivolous if it "lacks an arguable basis in either fact or law.").

Courts have the authority to "dismiss [as frivolous] a claim based on indisputably meritless legal theory," as well as to dismiss claims "whose factual contentions are clearly baseless." *Id*. at 327. Courts are not obligated to allow an opportunity to amend when a claim is patently frivolous. *Nezbeda v. Liberty Mutual Ins. Corp*., 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous."); *Gary v. U.S. Government*, 540 F. App'x 916, 918 (11th Cir. 2013) ("[W]e conclude that the district court did not abuse its discretion by not affording [the plaintiff] an opportunity to amend her complaint because any amendment would have been futile, as none of [the plaintiff's] allegations are credible or rational.").

Moreover, any claim of false arrest from 2019 would now be barred by the statute of limitations. The law is well settled that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985)). Plaintiff's complaint was filed in Alabama, where the governing limitations period is two years. *See* Ala. Code § 6–2–38. Therefore, to have his claim heard, Plaintiff was required to bring it within *two years* from the date that the limitations period began to run. "'[T]he statute of limitations does not begin to run

4

until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *McNair*, 515 F.3d at 1173 (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). In this case, a false arrest claim would accrue at the time of the arrest, in 2019. Thus, any such claim should have been brought before 2021, making the current action two years late and time barred.

To the extent Plaintiff asserts a claim for malicious prosecution, stemming from the 2019 arrest noted in the complaint, Plaintiff has failed to state a claim upon which relief may be granted. To prove a § 1983 malicious prosecution claim, the plaintiff must show, amongst other things, that the criminal prosecution against him terminated in his favor. *See Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). Plaintiff has not done this. Plaintiff has stated that he has been released from prison, but it is unclear whether he served his sentence or whether his conviction was overturned. Because it is possible that Plaintiff may potentially be able to show that his conviction was overturned, this claim should be dismissed without prejudice.

Generally, plaintiffs proceeding without an attorney are given at least one opportunity to amend their pleadings and draft a complaint that might state a claim. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely. . . when justice so requires"). Here, Plaintiff has been advised by the Court of the deficiencies of his complaint, instructed on how to cure them, and ordered to amend his complaint. (*See* Doc. 5). Despite having the opportunity to amend his complaint, Plaintiff again failed to provide factual details that allow the Court to determine if he has stated a claim. Indeed, Plaintiff's complaint remains incredibly unclear and is frivolous or fails to

state a claim upon which relief may be granted.

### III.  CONCLUSION.

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff Florence's complaint should be dismissed prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), with any false arrest claim related to the 2019 arrest for which Florence was convicted **DISMISSED with prejudice**, and all other claims **DISMISSED without prejudice**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers

to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this **23rd** day of **July, 2024.**

                                                        **/s/ KATHERINE P. NELSON**
                                                        **UNITED STATES MAGISTRATE JUDGE**